*I. M. Preston*, for appellee.

---

BAKER *et al. v.* CHAMBLES.

School districts are corporations, and have the power to make contracts, &c., in relation to school houses; hence a note given by "the undersigned directors of school district, No." &c., and signed by three persons; held, that they were only liable as directors, and that it was error to admit the note as evidence of an individual liability against the makers.

Where the name of the principal and the relation of the agent be stated in a note or contract, and the agent is authorized to make such note or contract, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally.

A party to a contract should be personally bound, unless his agency is disclosed; but in deciding whether the *apparent* agent or his principal should be bound, the presumption is that such agent intended to bind his principal.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J.   Action commenced by appellee, against appellants, to recover judgment against them on a note of which the following is a copy:

"$62 87. On or before the first day of December, next, we the undersigned, directors of school district, No. 4, Montpelier township, promise to pay Benjamin Chambles,

the sum of sixty-two dollars and eighty-seven cents, for value received this 22nd, day of November, 1851,

G. W. BAKER.

V. F. NICHOLSON.

SOLOMON LOVELL."

Defendants objected to the introduction of this note on the ground that it was made by them as directors of the school district, and not as individuals. The objection was overruled, and under the instructions of the court, judgment was rendered against the defendants for the amount of the note.

The only question now to be decided is, are the defendants personally liable on this note. In support of the decision below, it is claimed, they had no authority to execute the note as directors. By the Code, § 1108, each school district, is made a body corporate, with power to hold property, and be a party to suits and contracts. The name used in the body of the above note, is the style authorized by the Code. Section 1142, provides, that the " district board shall make all contracts, purchases, payments, sales " &c., in relation to school houses. This clearly confers upon the board of directors full authority to make any contract, or to execute a note in consummation of such contract, for any of the objects stipulated in the section. School districts are corporations possessing the power to make contracts. The district boards are made the agents of the districts, with power to make contracts. It matters not, whether those contracts are by parole, or in writing. If the directors had made a parole promise, in the name of the district, to pay for work or repairs on a school house, it could hardly be contended that such promise would make the directors liable as individuals; or that the district would be released. How can it change the liability of the parties, if that promise is reduced to writing? They still promise as directors, in the name, and in behalf of the district.

The relation of principal and agent is clearly shown

upon the face of this note. They, as directors, as agents, promise in the name of their corporate district as principal.

The rule is well settled that if the name of the principal and the relation of agency be stated in the writing, and the agent is authorized to make the contract or obligation, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally. *Stanton* v. *Camp*, 4 Barb., 275, 277; *Dyer* v. *Birnham*, 25 Maine, 10, 13; *Bradlee* v. *Boston Glass Company*, 16 Pick., 347, 350; *Key* v. *Parnham*, 6 Har. and John., 418, 421.

It is true, as claimed by counsel, that in deciding whether a party contracts personally, or as agent, the presumtion is in favor of the former. It is obvious that a party should be personally bound, unless his agency is disclosed. But it is equally true in deciding whether an apparent agent intends to bind himself or his principal, the presumption is that he intended to bind his principal, because the agent should not be personally bound, unless that intention is expressed in the contract. 1 Am. Leading Cases, 603, 604.

In the note before us the agency is clearly expressed. The intention to bind the principal, and the principal only, is manifest. They do not promise personally; they promise only as directors of the district; we therefore conclude that the court below erred in admitting the note as evidence to hold the makers personally liable.

Judgment reversed.

*William G. Woodward*, for appellants.

*Cloud* and *O'Connor*, for appelle.